IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAMIEN A. COLE,

                              Plaintiff,

      v.

HEALTH SERVICE MANAGER MARCHANT,

                              Defendant.

OPINION AND ORDER

20-cv-201-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Damien A. Cole has filed a civil action under 42 U.S.C. § 1983, contending that he did not receive adequate medical care for nasal problems while he was incarcerated at the Waupun Correctional Institution. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. I conclude that plaintiff's complaint must be dismissed because he has failed to name a proper defendant.

      Plaintiff alleges that following facts in his complaint.

ALLEGATIONS OF FACT

      In May 2017, Dr. Manlove, a physician at Waupun, prescribed a nasal spray to plaintiff. Manlove did not tell plaintiff about possible side effects of the spray. Plaintiff used the spray for three months, after which time he noticed that his sense of smell had disappeared. Plaintiff wrote to the health services unit for information about the nasal

1

spray. In response to his request, health services scheduled plaintiff to see an advanced care provider. The advanced care provider examined plaintiff and determined that he should be seen by an off-site specialist. The off-site appointment was supposed to happen in August 2018, but it was rescheduled for unknown reasons. Plaintiff later began to lose his sense of taste, and experienced pain and difficulty breathing from a swollen turbinate. He filed inmate complaints stating that he was not receiving adequate medical care for his nasal problems. The inmate complaint examiner contacted defendant health services manager Marchant for information about plaintiff's medical treatment.

OPINION

Plaintiff says that he wants to sue defendant Marchant, the health services manager, under the Eighth Amendment and state law for her failure to provide him adequate medical care for his nasal problems. A prison official violates the Eighth Amendment if the official acts with "deliberate indifference" to a "substantial risk of serious harm" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Deliberate indifference" means that the official is aware that the prisoner faced a substantial risk of serious harm or "'excessive risk to [the prisoner's] health or safety,'" but disregards the risk by consciously failing to take reasonable measures to prevent it. Gevas v. McLaughlin, 798 F.3d 475, 480 (7th Cir. 2015) (quoting Farmer, 511 U.S. at 837); Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

To state a claim that defendant Marchant violated the Eighth Amendment by denying

2

him adequate medical care, plaintiff must allege facts that: (1) he had a serious medical need; (2) Marchant knew that plaintiff needed medical treatment; and (3) Marchant consciously failed to take reasonable measures to provide the necessary treatment. Minix v. Canarecci, 597 F.3d 824, 831 (7th Cir. 2010); Forbes, 112 F.3d at 266.

Plaintiff's allegations that he was suffering from loss of smell and taste, difficulty breathing and pain suggest that he had a serious medical need. However, his allegations do not suggest that defendant Marchant was aware of his serious medical need and failed to take reasonable measures to address it. Marchant cannot be held responsible solely because she was the health services manager. Only individuals who are personally involved with a prisoner's medical care or treatment can be held liable for a constitutional violation under 42 U.S.C. § 1983. Knight v. Wiseman, 590 F.3d 458, 462–63 (7th Cir. 2009).

Plaintiff does not allege that Marchant was personally involved in providing him medical care. He alleges only that Marchant was the health services manager and was contacted for information about his medical care after he filed inmate complaints. However, plaintiff does not say that Marchant was responsible for scheduling appointments, prescribing the nasal spray to him, failing to warn him about possible side effects, failing to treat him after he complained about side effects or refusing to send him to an outside specialist. Plaintiff also does not allege that Marchant had the authority to overrule treatment decisions by the prison doctor or advanced care provider that was treating plaintiff.

Because plaintiff has failed to name a proper defendant, his complaint fails to satisfy

Rule 8 of the Federal Rules of Civil Procedure. Under that rule, a complaint must include "a short of plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Because plaintiff's complaint does not include enough information to meet this standard, it does not comply with Rule 8. However, I will dismiss his complaint without prejudice. I will give plaintiff the opportunity to file an amended complaint in which he names the individual defendant or defendants responsible for the medical care decisions he is seeking to challenge.

If plaintiff chooses to draft an amended complaint, he should include the following information: (1) what medical problems plaintiff was suffering from; (2) who knew about plaintiff's medical problems; (3) who treated plaintiff for his medical problems, if anyone; (4) what medical care plaintiff received for his problems, if any; (5) why plaintiff thinks his care was inadequate; and (6) what specific actions each individual defendant took that plaintiff believes violated his constitutional rights. If plaintiff thinks a specific care decision violated his rights but he does not know who was responsible for making the decision, he should identify the decision and say that "Doe nurse," "Doe doctor" or "Doe prison official" was responsible for the decision. By doing so, I will be able to evaluate whether the challenged treatment decision supports a constitutional claim. If the allegations support a constitutional claim, plaintiff can determine the name of the Doe defendants through

4

discovery as this case progresses.

If plaintiff submits an amended complaint that complies with the instructions above, I will review it under 28 U.S.C. § 1915A. If he fails to submit an amended complaint by the date below, this case will be dismissed.

## ORDER

IT IS ORDERED that plaintiff Damien A. Cole's complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff may have until May 27, 2020 to file an amended complaint as set forth above. If plaintiff does not file an amended complaint by May 27, 2020, I will dismiss this case with prejudice for his failure to state a claim upon which relief may be granted and will assess a strike against plaintiff under 28 U.S.C. § 1915(g).

Entered this 6th day of May, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5